AO 241 (Rev. 09/17)

# Petition for Relief From a Conviction or Sentence By a Person in State Custody

**(Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus)**

## Instructions

1. To use this form, you must be a person who is currently serving a sentence under a judgment against you in a state court. You are asking for relief from the conviction or the sentence. This form is your petition for relief.

2. You may also use this form to challenge a state judgment that imposed a sentence to be served in the future, but you must fill in the name of the state where the judgment was entered. If you want to challenge a federal judgment that imposed a sentence to be served in the future, you should file a motion under 28 U.S.C. § 2255 in the federal court that entered the judgment.

3. Make sure the form is typed or neatly written.

4. You must tell the truth and sign the form. If you make a false statement of a material fact, you may be prosecuted for perjury.

5. Answer all the questions. You do not need to cite law. You may submit additional pages if necessary. If you do not fill out the form properly, you will be asked to submit additional or correct information. If you want to submit any legal arguments, you must submit them in a separate memorandum. Be aware that any such memorandum may be subject to page limits set forth in the local rules of the court where you file this petition.

6. You must pay a fee of $5. If the fee is paid, your petition will be filed. If you cannot pay the fee, you may ask to proceed in forma pauperis (as a poor person). To do that, you must fill out the last page of this form. Also, you must submit a certificate signed by an officer at the institution where you are confined showing the amount of money that the institution is holding for you. If your account exceeds $ 5.00 , you must pay the filing fee.

7. In this petition, you may challenge the judgment entered by only one court. If you want to challenge a judgment entered by a different court (either in the same state or in different states), you must file a separate petition.

8. When you have completed the form, send the original and 1 copies to the Clerk of the United States District Court at this address:

   ☐ Choose Casper

   ☑ Choose Cheyenne

   If you want a file-stamped copy of the petition, you must enclose an additional copy of the petition and ask the court to file-stamp it and return it to you.

9. **CAUTION: You must include in this petition all the grounds for relief from the conviction or sentence that you challenge. And you must state the facts that support each ground. If you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

10. **CAPITAL CASES: If you are under a sentence of death, you are entitled to the assistance of counsel and should request the appointment of counsel.**

FILED

2:25 pm, 8/21/26

Margaret Botkins
Clerk of Court

AO 241 (Rev. 09/17)

**PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

| | |
|---|---|
| **United States District Court** | District: Wyoming |
| Name (under which you were convicted): Gabriel Lee Testerman | Docket or Case No.: 2:26-CV-00243 |
| Place of Confinement: North Dakota State Penitentiary | Prisoner No.: 79573 |
| Petitioner (include the name under which you were convicted) Gabriel Lee Testerman | v. Respondent (authorized person having custody of petitioner) Joseph Joyce |
| The Attorney General of the State of: Wyoming, Keith G. Kautz | |

**PETITION**

1. (a) Name and location of court that entered the judgment of conviction you are challenging:
District Court of the First Judicial District, Laramie County, State of Wyoming
309 West 20th Street, Suite 3300, Cheyenne, WY 82001

(b) Criminal docket or case number (if you know): 2022-CR-36-036

2. (a) Date of the judgment of conviction (if you know): 5/30/2024

(b) Date of sentencing: 5/23/2024

3. Length of sentence: imprisonment of more than 1o yrs but less than 15 yrs, w/ credit of 2 days served

4. In this case, were you convicted on more than one count or of more than one crime? ☐ Yes ☐ No

5. Identify all crimes of which you were convicted and sentenced in this case:
Count III: sexual assault in the first degree in violation of Wyo. Stat. Ann. § 6-2-302(a)(1) (2023)

6. (a) What was your plea? (Check one)

☑ (1) Not guilty ☐ (3) Nolo contendere (no contest)

☐ (2) Guilty ☐ (4) Insanity plea

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?

Movant pleaded not guilty to all charges.

(c) If you went to trial, what kind of trial did you have? (Check one)

☑ Jury ☐ Judge only

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☑ Yes ☐ No

8. Did you appeal from the judgment of conviction?

☑ Yes ☐ No

9. If you did appeal, answer the following:

(a) Name of court: Supreme Court of Wyoming

(b) Docket or case number (if you know): S-24-0203

(c) Result: Affirmed.

(d) Date of result (if you know): 5/23/2025

(e) Citation to the case (if you know): Testerman v. State, 568 P.3d 1206, 1215 (Wyo. 2025)

(f) Grounds raised:

Ground #1: The Prosecuting Attorney Committed Prosecutorial Misconduct in Opening Statements, Trial and in Closing Argument.

Ground #2: Cumulative Error Deprived Mr. Testerman of A Fair Trial.

Ground #3: The Burden Should Be on the State to Show the Error Was Not Prejudicial.

(g) Did you seek further review by a higher state court? ☐ Yes ☐ No

If yes, answer the following:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Result:

(4) Date of result (if you know): ____________________

(5) Citation to the case (if you know): ____________________

(6) Grounds raised: ____________________

(h) Did you file a petition for certiorari in the United States Supreme Court? ❒ Yes ❒ No

If yes, answer the following:

(1) Docket or case number (if you know): ____________________

(2) Result: ____________________

(3) Date of result (if you know): ____________________

(4) Citation to the case (if you know): ____________________

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court? ❒ Yes ❒ No

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: ____________________

(2) Docket or case number (if you know): ____________________

(3) Date of filing (if you know): ____________________

(4) Nature of the proceeding: ____________________

(5) Grounds raised: ____________________

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

❒ Yes ❒ No

(7) Result: ____________________

(8) Date of result (if you know): ______

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court: ______

(2) Docket or case number (if you know): ______

(3) Date of filing (if you know): ______

(4) Nature of the proceeding: ______

(5) Grounds raised: ______

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

❐ Yes ❐ No

(7) Result: ______

(8) Date of result (if you know): ______

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court: ______

(2) Docket or case number (if you know): ______

(3) Date of filing (if you know): ______

(4) Nature of the proceeding: ______

(5) Grounds raised: ______

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

❒ Yes ❒ No

(7) Result:

(8) Date of result (if you know):

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition: ❒ Yes ❒ No

(2) Second petition: ❒ Yes ❒ No

(3) Third petition: ❒ Yes ❒ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

**GROUND ONE:** Ineffective Assistance of Counsel - trial counsel failed to object to 404b evidence pretrial and at trial and failed to object to the prosecutor's improper witness vouching at closing.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Count III charges Movant of sexual assault in the first degree with regard to CM, whom Movant had a romantic and sexual relationship with. The State offered 404b evidence concerning previous incidents and communication from their relationship, most of which trial counsel conceded pretrial and failed to object at trial. Furthermore, at closing the State vouched its witnesses including Detective Morgan and the victims by referring to "#metoo" which trial counsel again failed to object. No reasonable attorney would have done so. Counsel's deficiency resulted in severe prejudice to Movant because otherwise the outcome of the trial would have been different.

(b) If you did not exhaust your state remedies on Ground One, explain why:

This issue was not raised at direct appeal due to appellate counsel's ineffectiveness.

(c) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue? ❒ Yes ❒ No

(2) If you did not raise this issue in your direct appeal, explain why:

This issue was not raised at direct appeal due to appellate counsel's ineffectiveness.

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

❒ Yes ❒ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition? ❒ Yes ❒ No

(4) Did you appeal from the denial of your motion or petition? ❒ Yes ❒ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ❒ Yes ❒ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

AO 241 (Rev. 09/17)

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One:

**GROUND TWO:** Ineffective Assistance of Counsel - appellate counsel failed to raise trial counsel's ineffectiveness at direct appeal and erroneously raised the 404b evidence issue under prosecutorial misconduct.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Appellate counsel should have raised trial counsel's ineffectiveness at Movant's direct appeal. This holds particularly true when considering that the record is clear demonstrating trial counsel's deficiency and the resulting prejudice. Furthermore, although appellate counsel raised the 404b evidence issue at direct appeal, counsel erroneously argued it under a prosecutorial misconduct claim, which directly caused Movant to lose this issue. Even the appellate court explicitly commented in its opinion that this should be reviewed for evidentiary error, not for potential prosecutorial misconduct. Appellate counsel's deficiency is not strategic, and its prejudice against Movant is clear in that Movant was deprived of the opportunity of appellate review of trial counsel’s performance and lost the otherwise-compelling 404b evidence issue at appeal.

(b) If you did not exhaust your state remedies on Ground Two, explain why:

Appellate counsel would not raise their own ineffectiveness at direct appeal.

(c) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue? ❐ Yes ❐ No

(2) If you did not raise this issue in your direct appeal, explain why:

Appellate counsel would not raise their own ineffectiveness at direct appeal.

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

❐ Yes ❐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition? ❒ Yes ❒ No

(4) Did you appeal from the denial of your motion or petition? ❒ Yes ❒ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ❒ Yes ❒ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two :

**GROUND THREE:** Prosecutorial Misconduct - improper witness vouching at closing

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

The State made two comments during closing argument that constituted improper vouching by the prosecutor: first, while discussing the testimony of Detective Morgan the State commented "You saw Nick Morgan testify, and he did a good job. He was honest, and spilled the beans." Then, the State recapped the victims' testimony during rebuttal closing by saying that "Just believe them. Not because they're women. Not because of hashtag metoo. Not because of anything else, but because they're believable. Believe them and convict him." Thus, Movant was deprived of a fair trial by the State's improper vouching of the witnesses' credibility.

(b) If you did not exhaust your state remedies on Ground Three, explain why:

This issue was exhausted at the state level.

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue? ☑ Yes ❒ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

❒ Yes ❒ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition? ❒ Yes ❒ No

(4) Did you appeal from the denial of your motion or petition? ❒ Yes ❒ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ❒ Yes ❒ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three:

**GROUND FOUR:** Due Process Violation - evidence is insufficient as to the physical force theory actually submitted to the jury

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Movant was denied due process, because Count III charged sexual assault in the first degree through submission by “actual application of physical force or forcible confinement;” however, the jury was instructed that it could convict based on “the actual application of physical force” only. Thus, the jury instruction excluded the theory of forcible confinement from the jury’s deliberation. Meanwhile, no rational fact finder would find the evidence sufficient to support the physical force theory actually submitted to the jury. As such, Movant’s conviction is contrary to due process. And, trial counsel is ineffective for failing to move for judgment of acquittal in this regard. It severely prejudiced Movant because, had counsel done so, the outcome of the trial could have been different.

(b) If you did not exhaust your state remedies on Ground Four, explain why:

Trial counsel and appellate counsel were ineffective for failing to raise this issue.

(c) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue? ❒ Yes ❒ No

(2) If you did not raise this issue in your direct appeal, explain why:

Appellate counsel were ineffective for failing to raise this issue.

(d) **Post-Conviction Proceedings**:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

❒ Yes ❒ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed: ______________________

______________________________________________________________

Docket or case number (if you know): ______________________

Date of the court's decision: ______________________

Result (attach a copy of the court's opinion or order, if available): ______________________

______________________________________________________________

______________________________________________________________

(3) Did you receive a hearing on your motion or petition? ❐ Yes ❐ No

(4) Did you appeal from the denial of your motion or petition? ❐ Yes ❐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ❐ Yes ❐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: ______________________

______________________________________________________________

Docket or case number (if you know): ______________________

Date of the court's decision: ______________________

Result (attach a copy of the court's opinion or order, if available): ______________________

______________________________________________________________

______________________________________________________________

______________________________________________________________

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

______________________________________________________________

______________________________________________________________

______________________________________________________________

______________________________________________________________

______________________________________________________________

______________________________________________________________

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four: ______________________

______________________________________________________________

______________________________________________________________

______________________________________________________________

______________________________________________________________

______________________________________________________________

13. Please answer these additional questions about the petition you are filing:

(a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction? ❒ Yes ❒ No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them:

Appellate counsel was ineffective for failing to raise relevant issues before the highest state court.

(b) Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

Yes, Grounds One, Two, and Four, because trial counsel and appellate counsel were ineffective for failing to raise them.

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition? ❒ Yes ❒ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available.

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging? ❒ Yes ❒ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: unknown

(b) At arraignment and plea: unknown

(c) At trial: Devon Petersen, Thomas Fleener, 506 South 8th Street, Laramie, WY 80207

(d) At sentencing: Devon Petersen, 506 South 8th Street, Laramie, WY 80207

(e) On appeal: H. Michael Bennett, P.O. Box 1346, Laramie, WY 82073

(f) In any post-conviction proceeding:

Katryna Lyn Spearman, 101 Marietta St. NW, Ste. 3650, Atlanta, GA 30303

(g) On appeal from any ruling against you in a post-conviction proceeding: n/a

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging? ☐ Yes ☐ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future? ☐ Yes ☐ No

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

The appeal opinion was issued on 5/23/2025. Movant did not file a petition with the United States Supreme Court. Thus, the judgment became final on 8/21/2025. This motion is timely filed before the one-year statute of limitations expires on 8/21/2026.

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: vacate his conviction and sentence

or any other relief to which petitioner may be entitled.

s/ Francis H. McVay and s/ Katryna Lyn Spearman

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on ____________ (month, date, year).

Executed (signed) on 8/11/2026 (date).

Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

Movant has retained above-signed counsel to represent him in the instant proceeding and authorized counsel to sign this motion on his behalf.



Print Save As... Reset